# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **DOUGLAS K. MATSEY-BEY, #228598**, <br><br> Plaintiff, <br><br> vs. <br><br> **M. WILLIAMS-WARD**, <br><br> Defendant. | 2:20-CV-10241-TGB <br><br><br> **OPINION AND ORDER OF SUMMARY DISMISSAL** |

## I.

Michigan prisoner Douglas K. Matsey-Bey ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate at the Macomb Correctional Facility in Lenox Township, Michigan, alleges that Resident Unit Manager M. Williams-Ward ("Defendant") verbally harassed him, violated his due process rights, and retaliated against him for threatening to file/filing a grievance against her. Plaintiff sues Defendant in her personal capacity and seeks injunctive relief and monetary damages  The Court has granted Plaintiff

leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1).

Having reviewed the complaint, the Court now dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under § 1983. The Court also concludes that an appeal cannot be taken in good faith.

## II

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable

basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S.

at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

### III.

Plaintiff's complaint is subject to dismissal. As an initial matter, the Complaint in this matter references "Exhibits A, B, C, D, and E," as the "statement of facts" for the form complaint, but no exhibits are attached to the complaint. Consequently, the complaint lacks any statement of facts. ECF No. 1, PageID.3. To the extent that Plaintiff alleges that Defendant violated his rights by threatening to make his life

in prison miserable, *see id.* at PageID.5, he fails to state a claim upon which relief can be granted in this case. Allegations of verbal harassment and threats are insufficient to state a civil rights claim under § 1983. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Montgomery v. Harper*, No. 5:14-CV-P38-R, 2014 WL 4104163, *2 (W.D. Ky. Aug. 19, 2014) ("[H]arassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation."). Even verbal threats to assault an inmate do not violate an inmate's constitutional rights. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004). Verbal threats and abuse made in retaliation for filing grievances are also not actionable. *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002). Plaintiff's allegation of verbal harassment thus fails to state a claim upon which relief may be granted under § 1983. Second, to the extent that Plaintiff asserts that Defendant violated his due process rights by filing false Notice of Intent charges against him, *see* Compl. p. 2, he fails to state a claim upon which relief may be granted.

To state a procedural due process claim, a plaintiff must allege that he or she has a definite liberty or property interest which has been abridged without appropriate process. *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007); *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1108 (6th Cir. 1995). Substantive due process "prevents the government from engaging in conduct that shocks the conscience . . . or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal quotations and citations omitted). To state such a claim, a plaintiff must allege that he or she has a constitutionally protected interest which has been deprived by arbitrary and capricious state action. *MSI Regency, Ltd. v. Jackson*, No. 09–4473, 2011 WL 3555419, *8 (6th Cir. Aug. 12, 2011).

Plaintiff makes no such showing. Rather, his due process claim is conclusory. For example, he fails to provide any information about the basis for the Notice of Intent charges against him, why such charges were false, evidence that he had to dispute the charges, and/or what process

he received during any related misconduct proceedings.[1] Vague and conclusory allegations are insufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Plaintiff thus fails to state a due process claim in his pleadings.

Plaintiff further asserts that Defendant retaliated against him for threatening to file and/or filing a grievance against her. To state a retaliation claim, a plaintiff must allege: (1) that he or she engaged in protected conduct, (2) that an adverse action was taken against him or her that would "deter a person of ordinary firmness from continuing to engage in that conduct," and (3) that the adverse action was motivated by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999) (en banc). A plaintiff bears the burden of proof on all three

---

[1] Plaintiff states that five exhibits are attached as an appendix to his complaint. Compl. p. 3. Such exhibits might clarify Plaintiff's allegations (as to this due process claim and his retaliation claim). Plaintiff, however, did not actually provide those exhibits.

elements. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).

Plaintiff does not meet these standards. First, his factual allegations are confusing and conflicting. For example, Plaintiff asserts that Defendant "acting as the Hearing Officer during a NOI (Notice of Intent) on 9-4-2019 erroneously imposed a sanction of restitution for the Class 1 Misconduct dated 10-11-2018." Compl. p. 1. How could Defendant impose restitution for a misconduct that occurred at another prison and for which Plaintiff was already found guilty and sanctioned with 10 days detention and 30 days loss of privileges by a different hearing officer nearly a year earlier? This is illogical. Similarly, Plaintiff alleges that Defendant threatened him after he complained about the Notice of Intent charges and told her that he would file a grievance against her, *id.*, but then he simultaneously alleges that the Notice of Intent charges were false and done in retaliation for him filing a grievance. Compl. p. 2. This is inconsistent and contradictory.

Second, Plaintiff fails to allege sufficient facts to show an adverse action and/or a causal connection as required to state a viable retaliation claim. It is unclear from the complaint what retaliatory action Defendant

is alleged to have taken in response to Plaintiff's threat to file/filing of a grievance against her, other than the alleged verbal threat. Verbal abuse, however, does not constitute an adverse action sufficient to maintain a claim of unlawful retaliation. *See Taylor v. City of Falmouth*, 187 F. App'x 596, 600 (6th Cir. 2006); *Jackson v. Huss*, No. 1:14-CV-426, 2015 WL 5691026, *10 (W.D. Mich. Sept. 28, 2015) (order adopting report and recommendation). Consequently, Plaintiff fails to allege facts to show that any alleged retaliatory action taken by Defendant would deter a person of ordinary firmness from filing a grievance. Plaintiff also fails to clearly set forth a timeline which shows a causal connection between his filing of a grievance and any retaliatory conduct by Defendant. As discussed, vague and conclusory allegations are insufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El*, 523 U.S. at 588; *Moldowan*, 578 F.3d at 390-91. Plaintiff thus fails to state a retaliation claim in his pleadings. His civil rights complaint must therefore be dismissed.

**IV.**

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983

in his pleadings. Accordingly, the civil rights complaint is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court also concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

DATED this 13th day of April, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge